```
Marytza J. Reyes (SBN 218684)
  reyes@sanchez-amador.com
Jessica M. Iglesias (SBN 280484)
  iglesias@sanchez-amador.com
SANCHEZ & AMADOR, LLP
800 S. Figueroa Street, 11th Floor
Los Angeles, California 90017
(213) 955-7200 Tel
(213) 955-7201 Fax

Attorneys for Defendant Home Depot
U.S.A., Inc.
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LE S NEAL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HOME DEPOT U.S.A., INC.; and DOES 1-100, inclusive,<br><br>　　　　Defendants. | Case No. 2:22-CV-443<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF LE S. NEAL AND HER COUNSEL OF RECORD:

　　　　PLEASE TAKE NOTICE THAT Defendant Home Depot U.S.A., Inc. removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

**PROCEDURAL BACKGROUND**

　　　　1.　　On December 22, 2021, plaintiff Le S. Neal ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of Los Angeles, entitled Le S Neal v. Home Depot U.S.A., Inc., et al., which was assigned case number 21STCV46779 (the "State Court Action"). The Complaint asserts claims

for: (1) Sex/Gender Discrimination in Violation of FEHA; (2) Disability Discrimination in Violation of FEHA; (3) Failure to Accommodate in Violation of FEHA; (4) Failure to Engage in the Interactive Process in Violation of FEHA; (5) Failure to Prevent Discrimination and Retaliation of Violation of FEHA; (6) Violation of Pregnancy Disability Leave Law; (7) Wrongful Termination in Violation of Public Policy; (8) Failure to Authorize or Permit Rest Periods in Violation of Labor Code Section 226.7 and Wage Orders; (9) Unfair Business Practices in Violation of Business and Professions Code Section 17200; (10) Failure to Provide Personnel Records in Violation of Labor Code 1198.5; and (11) Failure to Provide Employment Records in Violation of Labor Code Section 226.

## TIMELINESS OF REMOVAL

2.	On December 23, 2021, Plaintiff personally served the State Court Action Summons, Complaint, and other case-related documents on Home Depot's agent for service of process. True and correct copies of the Summons, Complaint, and other case-related documents served by Plaintiff on Home Depot's agent for service of process are attached as **Exhibit A** to this Notice of Removal.

3.	On January 19, 2021, Home Depot filed its Answer to Plaintiff's Complaint.  A true and correct copy of Home Depot's Answer is attached hereto as **Exhibit B**.

4.	On January 19, 2021, the Court issued a Notice for Order to Show Cause Hearing and Notice of Case Management Conference.  True and correct copies of the notices are attached hereto as **Exhibit C**.

5.	Pursuant to 28 U.S.C. § 1446(a), Exhibits A, B, and C constitute all the pleadings that have been filed in this action as of the date of the filing of this Notice of Removal.  No other process, pleadings, or papers have been filed and no further proceedings have been held.

6. Defendants "Does 1-100" have not been identified, nor is there any record of their having been served with the Summons or the Complaint in the State Court Action.

7. This Notice of Removal is timely filed as it is filed less than one year from the date this action was commenced and within 30 days of Complaint's service upon Home Depot. 28 U.S.C. § 1446(b).

## DIVERSITY JURISDICTION

8. <u>Basis of Original Jurisdiction</u>.  Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed.  *See, Grupo Dataflux v. Atlas Global Group*, 541 U.S. 567, 570 (2004).  Home Depot is entitled to remove the State Court Action on the ground that this Court has original jurisdiction in this action pursuant to 28 U.S.C. § 1332 and it is an action which may be removed to this Court by Home Depot pursuant to the provisions of 28 U.S.C. § 1441(b), because: (1) it is a civil action between citizens of different states, as Plaintiff is a citizen of California, and Home Depot is a citizen of Delaware and Georgia; and (2) it involves an amount in controversy that exceeds the sum of $75,000, exclusive of interest and costs.

9. <u>Citizenship of Defendant</u>. Pursuant to 28 United States Code § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The United States Supreme Court established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction in *The Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010). The Supreme Court concluded that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id*. at 1184. The Court further clarified that the principal place of business is the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination." *Id*.

10. At all times on or after the date this action was filed, Home Depot U.S.A., Inc. has been a citizen of the states of Delaware and Georgia. Home Depot has its principal place of business in Atlanta, Georgia, as that is the location of its headquarters and where it centrally manages its executive and administrative operations. Declaration of Millicent McLeod ("McLeod Decl.") ¶ 3. In addition, Home Depot is incorporated in the State of Delaware. *Id*. at ¶ 2. Home Depot is neither incorporated in California, nor does it have a principal place of business in California. *Id*. at ¶¶ 2-3. Accordingly, for purposes of determining diversity, Home Depot is regarded as a citizen of Georgia and Delaware, and not a citizen of California.1 See also *Ottaviano v. Home Depot* [U.S.A.], Inc.[], 701 F. Supp. 2d 1005, 1007 (N.D. Ill. 2010) (Home Depot "is a Delaware corporation with its principal executive offices located in Atlanta, Georgia"); *Novak v. Home Depot U.S.A., Inc.*, 259 F.R.D. 106, 108 (D.N.J. 2009) (Home Depot "is a Delaware corporation with its principal offices located in Georgia").

11. <u>Citizenship of Plaintiff</u>. Plaintiff is a citizen of the State of California. Compl. ¶¶ 3, 9.

12. <u>Doe Defendants are Disregarded for Purposes of Removal</u>. Plaintiff has not yet identified any of the fictitious "Doe" defendants identified in the Complaint, and the citizenship of "Doe" defendants is disregarded for the purposes of removal. 28 U.S.C. § 1441(a*); McCabe v. General Foods Corp*., 811 F.2d 1336, 1339 (9th Cir. 1987).

13. Accordingly, the minimal diversity of citizenship requirements under 28 U.S.C. § 1332(d)(2) are met because Home Depot is a citizen of Georgia and Delaware while Plaintiff is a citizen of California.

14. <u>The Amount in Controversy in this Civil Action Exceeds $75,000</u>. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Home Depot is not

obliged to "research, state, and prove the plaintiff's claims for damages." *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). Home Depot can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum. *Singer*, 116 F.3d at 377; *Conrad Assoc.*, 994 F. Supp. at 1198. In other words, the District Court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is in controversy. *Id*.

15. <u>Lost Wages</u>. Plaintiff claims substantial losses in earnings and other employment benefits. Compl. ¶¶ 40, 53, 65, 77, 86, 107, and Prayer. Plaintiff's annualized salary at the time of the termination of her employment on June 30, 2019 was approximately $24,600. McLeod Decl. ¶ 6; Compl. ¶ 32. By the time this matter goes to trial, Plaintiff's estimated lost wages will be approximately $73,800.

16. <u>Non-Economic Damages</u>. Plaintiff seeks non-economic damages for alleged emotional distress. Compl. ¶¶ 41, 54, 66, 78, 87, 108, and Prayer. Plaintiff's purported non-economic damages increase the amount in controversy above the $75,000 threshold. *Kroske v. U.S. Bank Corp.*, 432 F. 3d 976, 980 (9th Cir. 2005) (affirming removal of bank employee lawsuit, even though employee earned less than $75,000 per year, because emotional distress damages in a FEHA claim could reasonably be assumed to add enough to her lost wages to exceed the jurisdictional amount); *Simmons v. PCR Tech.,* 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) (plaintiff's employment discrimination claim exceeds the federal jurisdictional minimum, <u>even though the lost wages at the time of removal were just $26,500</u>, because Plaintiff sought emotional distress damages, punitive damages, and attorney's fees under FEHA) (emphasis added).

17. <u>Attorneys' Fees</u>. Plaintiff also seeks to recover attorneys' fees. Compl. ¶¶ 43, 56, 69, 80, 89, 103, 110, and Prayer. Requests for attorneys' fees should be

taken into account in ascertaining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory). If Plaintiff litigated this case through trial and prevailed, it is reasonable to assume that Plaintiff could recover more than $100,000 in attorneys' fees.

18. <u>Punitive Damages</u>. Additionally, Plaintiff seeks to recover punitive damages. Compl. ¶¶ 42, 55, 68, 79, 88, 102, 109, and Prayer. Punitive damages are also included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *see also*, *Aucina v. Amoco Oil Co.*, 871 F.Supp. 332, 334 (S.D. Iowa 1994); *White v. FCI USA, Inc.*, 319 F.3d 672, 674-676 (5th Cir. 2003).

19. <u>Penalty for Alleged Missed Breaks</u>. In addition, Plaintiff seeks to recover penalty payments for alleged failure to provide rest breaks during her three-year employment. Compl. ¶¶ 15, 17. Penalty pay for the alleged missed rest breaks is approximately $3,364.

20. <u>Penalty for Failure to Provide Personnel Records</u>. Plaintiff seeks to recover two $750 penalties for Home Depot's alleged failure to provide personnel and employment records, for a total of $1,500. Compl. ¶¶ 121-129.

21. Based on the foregoing, there is ample evidence that the amount in controversy, based on the totality of Plaintiff's claims and prayer for relief, significantly exceeds $75,000.

## VENUE

22. <u>Venue is Proper</u>. In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is filed in the District in which the action is pending. The Superior Court of the State of California for the County of Los Angeles is located within the Central District of California. Therefore, venue is proper in this Court because it is the

"district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

### HOME DEPOT HAS SATISFIED ALL OTHER REMOVAL REQUIREMENTS

23. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Home Depot are attached as Exhibits to this Notice.

24. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice is being served upon counsel for Plaintiff, and a notice will be filed with the Clerk of the Superior Court of California for the County of Los Angeles. Notice of compliance shall be filed promptly afterward with this Court.

25. As required by Federal Rule of Civil Procedure 7.1, Home Depot concurrently filed its Certificate of Interested Parties.

26. Finally, in the event this Court has any question regarding the propriety of this Notice of Removal, Home Depot requests that the Court issue an Order to Show Cause so that Home Depot may have an opportunity to more fully brief the basis for this removal.

WHEREFORE, Home Depot removes the above-captioned action to the United States District Court for the Central District of California.

DATED: January 21, 2022

SANCHEZ & AMADOR, LLP

/s/ Jessica M. Iglesias
Marytza J. Reyes
Jessica M. Iglesias
Attorneys for Defendant Home Depot U.S.A., Inc.