EXHIBIT A



# Notice of Service of Process

null / ALL
Transmittal Number: 24248685
Date Processed: 12/27/2021

**Primary Contact:** Quinessa Malcolm
The Home Depot, Inc.
2455 Paces Ferry Rd SE
Atlanta, GA 30339-1834

**Electronic copy provided to:** Cathy Copeland
Adriane Towns

| | |
|---|---|
| **Entity:** | Home Depot U.S.A., Inc.<br>Entity ID Number  2483807 |
| **Entity Served:** | Home Depot U.S.A., Inc. |
| **Title of Action:** | Neal, Le, S. vs. Home Depot U.S.A., Inc. |
| **Matter Name/ID:** | In Re: Neal, Le S. (11658578) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 21STCV46779 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 12/23/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Jaurigue Law Group<br>818-630-7280 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Electronically FILED by Superior Court of California, County of Los Angeles on 12/22/2021 04:52 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams,Deputy Clerk
21STCV46779

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HOME DEPOT U.S.A., INC.; and DOES 1 – 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LE S NEAL

</td><td>

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*  Stanley Mosk Courthouse
111 N. Hill St.
Los Angeles, CA 90012

</td><td>

CASE NUMBER: *(Número del Caso):*
21STCV46779

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Michael J. Jaurigue (SBN208123); Jaurigue Law Group, 300 W. Glenoaks Blvd., Suite 300, Glendale, CA 91202, 818-630-7280

<table>
<tr><td>

DATE:
*(Fecha)* 12/22/2021

</td><td>Clerk, by</td><td>Sherri R. Carter Executive Officer / Clerk of Court<br>D. Williams</td><td>, Deputy<br>*(Adjunto)*</td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

<table>
<tr><td>

[SEAL]

</td><td>

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:

3. [X] on behalf of *(specify)*: HOME DEPOT U.S.A., INC.

under: [X] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
[ ] other *(specify)*:
4. [X] by personal delivery on *(date)*

</td></tr>
</table>

Page 1 of 1

<table>
<tr><td>

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

</td><td>SUMMONS</td><td>

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

</td></tr>
</table>

Electronically FILED by Superior Court of California, County of Los Angeles on 12/22/2021 04:52 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams,Deputy Clerk
21STCV46779

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Kevin Brazile

Michael J. Jaurigue (SBN 208123)
S. Sean Shahabi (SBN 204710)
Barbara DuVan-Clarke (SBN 259268)
**JAURIGUE LAW GROUP**
300 West Glenoaks Boulevard, Suite 300
Glendale, California 91202
Telephone: 818.630.7280
Facsimile: 888.879.1697
service@jlglawyers.com
michael@jlglawyers.com
sean@jlglawyers.com
barbara@jlglawyers.com

Attorneys for PLAINTIFF
LE S NEAL

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| LE S NEAL,<br><br>        PLAINTIFF,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC.; and DOES 1 – 100, inclusive,<br><br>        DEFENDANTS. | Case No.: 21STCV46779<br><br>**COMPLAINT FOR DAMAGES AND RELIEF FOR:**<br><br>1.  **SEX/GENDER DISCRIMINATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940(a) OF THE FAIR EMPLOYMENT AND HOUSING ACT ("FEHA")**<br><br>2.  **DISABILITY DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE § 12940(a): DISPARATE TREATMENT BASED ON DISABILITY AND/OR PERCEIVED DISABILITY**<br><br>3.  **DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA, GOVERNMENT CODE SECTION 12940(m): FAILURE TO PROVIDE REASONABLE ACCOMMODATION**<br><br>4.  **DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA, GOVERNMENT CODE SECTION 12940(n): FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS** |

5.   **FAILURE TO DO EVERYTHING REASONABLY NECESSARY TO PREVENT DISCRIMINATION AND RETALIATION FROM OCCURRING IN VIOLATION OF GOVERNMENT CODE § 12940(k)**

6.   **VIOLATION OF PREGNANCY DISABILITY LEAVE LAW CAL. GOV. CODE § 12945**

7.   **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

8.   **FAILURE TO AUTHORIZE OR PERMIT REST PERIODS, IN VIOLATION OF LABOR CODE SECTION 226.7 AND THE WAGE ORDERS;**

9.   **UNFAIR BUSINESS PRACTICES IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200, *et seq.***

10.   **FAILURE TO PROVIDE PERSONNEL RECORDS UPON REQUEST IN VIOLATION OF CAL. LAB. CODE SECTION 1198.5**

11.   **FAILURE TO PROVIDE EMPLOYMENT RECORDS UPON REQUEST IN VIOLATION OF CAL. LAB. CODE SECTION 226**

**DEMAND FOR JURY TRIAL**

PLAINTIFF LE S NEAL ("PLAINTIFF") alleges and complains against DEFENDANTS HOME DEPOT U.S.A., INC.; and DOES 1 – 100, inclusive, (herein after referred to collectively as ("DEFENDANTS") as follows:

## I.   <u>JURISDICTION AND VENUE</u>

1.   This Court has personal jurisdiction over each of the DEFENDANTS because they are residents of and/or doing business in the State of California in the County of Los Angeles.

2.     Venue is proper in this Court because the claims arose in the County of Los Angeles where PLAINTIFF worked for DEFENDANTS.

3.     PLAINTIFF at all times relevant herein was a resident of the County of Los Angeles.

4.     The amount in controversy in this matter exceeds the sum of $25,000.00, exclusive of interest, costs, and fees and PLAINTIFF seeks permanent injunctive relief prohibiting DEFENDANTS' unfair business practices.

5.     PLAINTIFF has met all of the jurisdictional requirements for proceeding with her claims under the Fair Employment and Housing Act ("FEHA") by timely filing administrative complaints against DEFENDANTS with the Department of Fair Employment and Housing ("DFEH") on or around December 22, 2021, and receiving a Notice of Case Closure/Right-to-Sue Letter dated December 22, 2021. Attached hereto as **Exhibit 1** is a true and correct copy of PLAINTIFF's DFEH administrative complaint and Right to Sue Letter.

## II.     PARTIES

6.     DEFENDANTS HOME DEPOT U.S.A., INC. employed PLAINTIFF. DEFENDANTS HOME DEPOT U.S.A., INC. suffered and permitted PLAINTIFF to work and exercised control over the wages, hours and working conditions of employment of PLAINTIFF.

7.     DEFENDANT HOME DEPOT U.S.A., INC. at all times relevant herein, was and is conducting business in the State of California, in the County of Los Angeles at 1830 W Slauson Avenue, Los Angeles, CA 90047.

8.     At all times mentioned hereinafter in this Complaint, DEFENDANTS HOME DEPOT U.S.A., INC.; and DOES 1 to 100 shall also be referred to "EMPLOYER" or "DEFENDANTS."

9.     At all times relevant herein, PLAINTIFF was employed by DEFENDANTS in the County of Los Angeles, California in facilities located at 1830 W Slauson Avenue, Los Angeles, CA 90047.

10.     The true names and capacities of the DEFENDANTS named herein as DOES 1 through 100, inclusive, whether individual, corporate, associate or otherwise, are unknown to PLAINTIFF who therefore sues such DEFENDANTS by fictitious names pursuant to California

1  Code of Civil Procedure section 474.  PLAINTIFF is informed and believes that all of the Doe

2  DEFENDANTS are California residents.  PLAINTIFF will amend this Complaint to show such true

3  names and capacities when they have been determined.

4        11.    PLAINTIFF is informed and believes that at all times relevant herein, each

5  DEFENDANT designated, including Does 1 through 100, was the agent, managing agent, principal,

6  owner, partner, joint venturer, representative, manager, servant, employee and/or co-conspirator of

7  each of the other DEFENDANTS, and was at all times mentioned herein acting within the course

8  and scope of said agency and employment, and that all acts or omissions alleged herein were duly

9  committed with the ratification, knowledge, permission, encouragement, authorization and consent

10  of each DEFENDANT designated herein.

11        12.    PLAINTIFF is informed and believes and thereon alleges that at all relevant times

12  each of the DEFENDANTS was the integrated enterprise, joint employer of PLAINTIFF and was

13  engaged with some or all of the other DEFENDANTS in a joint enterprise for profit, and bore such

14  other relationships to some or all of the other DEFENDANTS so as to be liable for the conduct of

15  them.  PLAINTIFF performed services for each and every one of DEFENDANTS, and to the

16  mutual benefit of all DEFENDANTS, and all DEFENDANTS shared control of PLAINTIFF as

17  employers, either directly or indirectly, and of the manner in which DEFENDANTS' business was

18  conducted.

19        13.    PLAINTIFF is further informed and believes and thereon alleges that all

20  DEFENDANTS acted pursuant to and within the scope of the relationships alleged above, that all

21  DEFENDANTS knew or should have known about, authorized, ratified, adopted, approved,

22  controlled, aided and abetted the conduct of all other DEFENDANTS and that all DEFENDANTS

23  acted pursuant to a conspiracy and agreement to do the things alleged herein.

24        14.    PLAINTIFF makes the allegations in this complaint without any admission that, as

25  to any particular allegation, PLAINTIFF bears the burden of pleading, proof, or persuasion, and

26  PLAINTIFF reserves all of PLAINTIFF'S rights to plead in the alternative.

27  **III. FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

28        15.    In or around 2016, PLAINTIFF began working for DEFENDANTS as a Cashier. In

1   or around March 2018, PLAINTIFF began working as a Garden Associate until her wrongful

2   termination on or about June 30, 2019.

3       16.    Throughout PLAINTIFF'S employment she was forced to work excessive hours for

4   which PLAINTIFF was not properly compensated.

5       17.    For example, DEFENDANTS failed to provide PLAINTIFF with uninterrupted ten

6   (10) - minute rest periods per each four (4) hours worked or major fractions thereof, as required per

7   the California Labor Code and Wage Orders. DEFENDANTS further failed to pay PLAINTIFF

8   premium wages for her missed rest periods. PLAINTIFF estimates that DEFENDANTS failed to

9   provide PLAINTIFF with appropriate rest periods at least twice weekly through PLAINTIFF'S

10  employment.

11      18.    In or around 2018, PLAINTIFF became pregnant with her fourth child and notified

12  DEFENDANTS of PLAINTIFF'S pregnancy. DEFENDANTS, despite knowing that PLAINTIFF

13  was pregnant, refused to engage in the interactive process with PLAINTIFF and provide

14  PLAINTIFF with any reasonable accommodations for PLAINTIFF'S pregnancy.

15      19.    DEFENDANTS refused to provide PLAINTIFF with light duty and instead,

16  made PLAINTIFF push heavy crates even though PLAINTIFF had provided notice and was five

17  months pregnant. DEFENDANTS further failed to accommodate PLAINTIFF by providing

18  PLAINTIFF with the ability to use the bathroom as needed commensurate with PLAINTIFF'S

19  progressing pregnancy. DEFENDANTS' unwillingness to allow PLAINTIFF to use the bathroom

20  as necessary caused PLAINTIFF to urinate on herself before she was allowed to take a break.

21      20.    In or around September 2018, PLAINTIFF began experiencing pain related to

22  PLAINTIFF'S pregnancy, and PLAINTIFF'S doctor placed her off work in order to avoid any

23  potential pregnancy complications. PLAINTIFF was placed on medical leave from on or about

24  September 2018 until January 2019.

25      21.    While Plaintiff was still on leave, in or around November 2018, DEFENDANTS

26  called PLAINTIFF and asked PLAINTIFF to return to work for the 2018 holiday season. Despite

27  PLAINTIFF'S explanation that PLAINTIFF was still on pregnancy leave, DEFENDANTS forced

28  PLAINTIFF to return when DEFENDANTS said there was an issue with PLAINTIFF'S leave of

1    absence paperwork and threatened to give PLAINTIFF attendance points if PLAINTIFF did not

2    return to work. PLAINTIFF, out of fear of losing her job, returned to work in or around November

3    2018 despite being approximately eight (8) months pregnant.

4          22.     Shortly thereafter, a customer bumped into PLAINTIFF'S pregnant belly, knocking

5    the wind out of PLAINTIFF. PLAINTIFF contacted DEFENDANTS' corporate offices and

6    requested that PLAINTIFF resume PLAINTIFF'S previously cancelled leave of absence.

7    DEFENDANTS gave PLAINTIFF a number from corporate to apply for disability and informed

8    PLAINTIFF that the day PLAINTIFF delivered her baby would trigger her disability.

9          23.     On or about December 14, 2018, PLAINTIFF went to the hospital and gave birth.

10   While in the hospital, PLAINTIFF called DEFENDANTS to verify and follow up on PLAINTIFF'S

11   disability status. DEFENDANTS informed PLAINTIFF that PLAINTIFF'S disability was denied

12   due to PLAINTIFF having been terminated.

13         24.     On or about the same date, PLAINTIFF called the DEFENDANTS to inquire about

14   the reason she was being terminated while on disability leave. After multiple attempts to get in

15   touch with DEFENDANTS, a district manager told PLAINTIFF that PLAINTIFF'S termination

16   was reversed in the DEFENDANTS' system.

17         25.     In or around January 25, 2019, PLAINTIFF returned to work for DEFENDANTS.

18         26.     Upon PLAINTIFF'S return, PLAINTIFF was put in an impossible and humiliating

19   position because DEFENDANTS failed to provide PLAINTIFF with a safe place to breast pump,

20   causing PLAINTIFF to either have to refrain from pumping breast milk, go home to pump, which

21   was infeasible given PLAINTIFF'S break times, or pump in public locations at DEFENDANTS'

22   workplace. The latter option was a non-option in particular as DEFENDANTS had previously failed

23   to stop a stalking member of the public who had grabbed and kissed PLAINTIFF during work time

24   from harassing PLAINTIFF; as such, PLAINTIFF reasonably felt unsafe pumping breastmilk in a

25   public location on or around RESPONDENTS' premises. Consequently, as PLAINTIFF had to

26   decide between these inadequate choices, PLAINTIFF ended up soiling her work shirts with leaked

27   breast milk, causing PLAINTIFF further humiliation beyond not being provided a safe place to

28   pump breast milk.

27.     Rather than providing a proper place for PLAINTIFF to pump, PLAINTIFF was told by one of her supervisors, on information and belief, Augusto (last name unknown, hereinafter, "Gus") to pump in the office or inside of her vehicle. The supervisor warned PLAINTIFF to be careful if she decided to pump in the office, because the supervisor had previously walked in on another female employee pumping breast milk.

28.     In or around March of 2019, PLAINTIFF complained to DEFENDANTS about the lack of breast milk pumping accommodations, and DEFENDANTS told PLAINTIFF to take an extended leave of absence of six (6) weeks from in or around March 2019 to in or around April 2019.

29.     Thereafter, in or around April 2019, PLAINTIFF'S car transmission broke down, and after multiple unsuccessful attempts to contact DEFENDANTS, Plaintiff asked an associate to relay to DEFENDANTS that she needed a week to fix her car.

30.     PLAINTIFF returned to work in or around April 2019 after getting her car fixed. When PLAINTIFF returned, Assistant Managers Moe [Last Name Unknown] ("Moe") and Teddy [Last Name Unknown] ("Teddy") issued PLAINTIFF a final warning for not returning on the day relayed by the associate, despite PLAINTIFF not having received a previous warning.

31.     In or around the week of June 23, 2019, PLAINTIFF'S newborn baby became ill, and PLAINTIFF had to take her newborn baby to the emergency room. PLAINTIFF called Manager Chris [Last Name Unknown] and informed Chris that PLAINTIFF had to rush to the hospital.

32.     On or about June 30, 2019, one of PLAINTIFF'S supervisors, on information and belief, Luis, the returns manager, zxcpulled PLAINTIFF into the office and terminated her for being one minute late when returning from lunch the week prior, the week PLAINTIFF took her newborn to the emergency room.

33.     DEFENDANTS terminated PLAINTIFF not for any legitimate reason but because PLAINTIFF had a disability, requested accommodations, and complained about not being provided with reasonable accommodations, all in violation of the law.

///

**FIRST CAUSE OF ACTION**

**SEX/PREGNANCY DISCRIMINATION IN VIOLATION OF**

**GOVERNMENT CODE § 12940 (a) OF THE FAIR EMPLOYMENT AND HOUSING ACT**

**["FEHA"]**

**(By Plaintiff As Against Defendant and Does 1 – 100)**

34.    PLAINTIFF hereby incorporates by reference each and every paragraph of this complaint, as if fully set forth herein by reference.

35.    At all times herein mentioned The Fair Employment and Housing Act, "FEHA" hereinafter) was in full force and effect and were binding on DEFENDANTS since they employed more than five employees. These statutes required the DEFENDANTS to refrain from discriminating against any employee on the basis of his or her gender.

36.    During PLAINTIFF'S employment, DEFENDANTS through their owners, supervisors, managers and employees have engaged in actions intentionally that resulted in PLAINTIFF being treated less favorably because of her gender through hostile working conditions designed to make it infeasible for pregnant women and/or new and/or breastfeeding mothers to work for DEFENDANTS.

37.    PLAINTIFF'S protected status under the FEHA is Plaintiff's sex and gender, which is female.

38.    DEFENDANTS knew, perceived, and/or believed that PLAINTIFF had the aforementioned protected status, described hereinabove.

39.    PLAINTIFF believes and thereon alleges that PLAINTIFF'S gender was a substantial and motivating factor in the DEFENDANTS' discrimination against PLAINTIFF'S, including but not limited to PLAINTIFF'S termination.

40.    As a proximate result of DEFENDANTS' willful, knowing and intentional discrimination against PLAINTIFF, PLAINTIFF has sustained and continues to sustain substantial losses in earnings and other employment benefits.

41.    As a proximate result of the DEFENDANTS' willful, knowing, and intentional discrimination against PLAINTIFF, she has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

42.     The conduct of DEFENDANTS and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for PLAINTIFF'S rights. DEFENDANTS and each of them, and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other.  Consequently, PLAINTIFF is entitled to punitive damages against each of said DEFENDANTS.

43.     Government Code section 12965(b) permits the court to award reasonable attorneys' fees and costs, including expert witness fees, to a plaintiff that successfully pursues a FEHA claim. PLAINTIFF has and will continue to incur attorneys' fees in the pursuit of this action.  As such, PLAINTIFF is entitled to an award of reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### DISABILITY DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE § 12940(a): DISPARATE TREATMENT BASED ON DISABILITY AND/OR PERCEIVED DISABILITY

#### (By Plaintiff As Against Defendants and Does 1 – 100)

44.     PLAINTIFF hereby incorporates by reference each and every paragraph of this complaint, as if fully set forth herein.

45.     The California Fair Employment and Housing Act ("FEHA"), codified in Government Code Section 12900, *et seq.*, makes it unlawful for an employer to discriminate against an employee on the basis of the employee's physical disability and/or perceived disability.

46.     At all times relevant herein DEFENDANTS were employers who employed five (5) or more employees and were therefore bound by FEHA.

47.     PLAINTIFF was an employee of DEFENDANTS.

48.     DEFENDANTS knew that PLAINTIFF suffered from a physical disability and/or perceived PLAINTIFF as suffering from a physical disability which limits a major life activity and/or treated PLAINTIFF as if PLAINTIFF had a physical disability which limits a major life activity.

49.     PLAINTIFF was able to perform the essential duties of her job with reasonable accommodation for PLAINTIFF'S physical disability and/or perceived disability.

50. PLAINTIFF was able to return to work after her pregnancy, but required ongoing leave and accommodations for her disability.

51. DEFENDANTS, acting through their managing agents, terminated PLAINTIFF'S employment on or around June 30, 2019.

52. PLAINTIFF'S disability and/or perceived disability was a motivating reason for DEFENDANTS' decision to terminate PLAINTIFF'S employment, in violation of Government Code Section 12940(a).

53. As a direct and proximate result of the aforementioned adverse employment actions by DEFENDANTS against PLAINTIFF, PLAINTIFF has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial.

54. As a direct and proximate result of DEFENDANTS' wrongful termination of PLAINTIFF'S employment, PLAINTIFF has suffered humiliation, emotional distress, and mental pain and anguish, all to PLAINTIFF'S damage in an amount according to proof at trial.

55. The conduct of DEFENDANTS and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for PLAINTIFF'S rights. DEFENDANTS and each of them, and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, PLAINTIFF is entitled to punitive damages against each of said DEFENDANTS.

56. Government Code section 12965(b) permits the court to award reasonable attorneys' fees and costs, including expert witness fees, to a plaintiff that successfully pursues a FEHA claim. PLAINTIFF has and will continue to incur attorneys' fees in the pursuit of this action. As such, PLAINTIFF is entitled to an award of reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION

**DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA, GOVERNMENT CODE SECTION 12940(m): FAILURE TO PROVIDE REASONABLE ACCOMMODATION**

**(By Plaintiff As Against Defendants and Does 1 – 100)**

57.     PLAINTIFF hereby incorporates by reference each and every paragraph of this complaint, as if fully set herein.

58.     Government Code §12940(m) requires an employer to provide a disabled or an employee perceived to be disabled with a reasonable accommodation for his or her disability and/or perceived disability so as to perform the essential duties of the job.

59.     DEFENDANTS are employers bound by FEHA.

60.     PLAINTIFF was an employee of DEFENDANTS.

61.     PLAINTIFF had a physical condition, which limited the major life activity of working and/or DEFENDANTS treated PLAINTIFF as if PLAINTIFF had a physical condition which limited a major life activity, and/or required reasonable accommodation for a physical condition which limited a major life activity.

62.     DEFENDANTS knew that PLAINTIFF required reasonable accommodation(s) for physical disabilities to perform the essential functions of the job and/or treated PLAINTIFF as though PLAINTIFF required reasonable accommodation for physical disabilities to perform the essential functions of the job.

63.     PLAINTIFF was able to perform the essential job duties with reasonable accommodation(s) for physical disability/perceived physical disability.

64.     DEFENDANTS failed to provide PLAINTIFF with a reasonable accommodation for physical disabilities/perceived physical disabilities. Instead, DEFENDANTS, acting through managing agents, terminated PLAINTIFF'S employment in or around June 30, 2019.

65.     As a proximate result DEFENDANTS' aforementioned wrongful conduct, PLAINTIFF has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial.

66.     As a proximate result of DEFENDANTS' aforementioned wrongful conduct, PLAINTIFF has suffered humiliation, emotional distress, and mental and physical pain and anguish, all to PLAINTIFF'S damage in an amount according to proof at trial.

67.     PLAINTIFF is informed and believes and based thereon alleges that the decision to terminate PLAINTIFF was made and/or ratified by DEFENDANTS' managing agents, officers

and/or directors who were conscious of PLAINTIFF'S right to medical leave and/or reasonable accommodations under the FEHA, but disregarded those rights and acted with the intent to cause PLAINTIFF injury by terminating PLAINTIFF'S employment.  DEFENDANTS' disregard of PLAINTIFF'S statutory rights is in violation of statute and public policy and would be looked down on and despised by reasonable persons.

68.    The conduct of DEFENDANTS and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for PLAINTIFF'S rights. DEFENDANTS and each of them, and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other.  Consequently, PLAINTIFF is entitled to punitive damages against each of said DEFENDANTS.

69.    Government Code section 12965(b) permits the court to award reasonable attorneys' fees and costs, including expert witness fees, to a plaintiff that successfully pursues a FEHA claim. PLAINTIFF has and will continue to incur attorneys' fees in the pursuit of this action.  As such, PLAINTIFF is entitled to an award of reasonable attorneys' fees and costs.

### FOURTH CAUSE OF ACTION

### DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA, GOVERNMENT CODE SECTION 12940(n): FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

#### (By Plaintiff As Against Defendants and Does 1 – 100)

70.    PLAINTIFF hereby incorporates by reference each and every paragraph of this complaint, as if fully set herein.

71.    Government Code §12940(n) requires an employer to engage in an interactive process in a timely and good faith manner to determine an effective reasonable accommodation for an employee's disabilities.

72.    DEFENDANTS are employers bound by FEHA.

73.    PLAINTIFF was an employee of DEFENDANTS.

74.    PLAINTIFF had a physical condition which limited the major life activity of

1  working and/or DEFENDANTS treated PLAINTIFF as if PLAINTIFF had a physical condition
2  which limited a major life activity.

3       75.    DEFENDANTS knew that PLAINTIFF had suffered from a physical disability
4  and/or treated PLAINTIFF as if PLAINTIFF suffered from a physical disability.

5       76.    DEFENDANTS breached their statutory duty under FEHA to engage timely in a
6  good faith interactive process to determine a reasonable accommodation for PLAINTIFF'S physical
7  disability/perceived disability. Instead, DEFENDANTS, acting through managing agents,
8  terminated PLAINTIFF'S employment in or around June 30, 2019.

9       77.    As a proximate result of DEFENDANTS' aforementioned wrongful conduct,
10  PLAINTIFF has suffered and continues to sustain substantial losses in earnings and other
11  employment benefits in an amount according to proof at trial.

12       78.    As a proximate result of DEFENDANTS' aforementioned wrongful conduct,
13  PLAINTIFF has suffered humiliation, emotional distress, and mental and physical pain and anguish,
14  all to PLAINTIFF'S damage in an amount according to proof at trial.

15       79.    The conduct of DEFENDANTS and each of them as described above was malicious,
16  fraudulent, or oppressive and done with a willful and conscious disregard for PLAINTIFF'S rights.
17  DEFENDANTS and each of them, and their agents/employees or supervisors, authorized,
18  condoned, and ratified the unlawful conduct of each other.  Consequently, PLAINTIFF is entitled to
19  punitive damages against each of said DEFENDANTS.

20       80.    Government Code section 12965(b) permits the court to award reasonable attorneys'
21  fees and costs, including expert witness fees, to a plaintiff that successfully pursues a FEHA claim.
22  PLAINTIFF has and will continue to incur attorneys' fees in the pursuit of this action.  As such,
23  PLAINTIFF is entitled to an award of reasonable attorneys' fees and costs.

24  **FIFTH CAUSE OF ACTION**

25  **FAILURE TO DO EVERYTHING REASONABLY NECESSARY TO PREVENT**
26  **DISCRIMINATION AND RETALIATION FROM OCCURRING IN VIOLATION OF**
27  **GOVERNMENT CODE § 12940(k)**
28  **(By Plaintiff As Against Defendants and Does 1 – 100)**

81.   PLAINTIFF hereby incorporates by reference each and every paragraph of this complaint, as if fully set forth herein.

82.   Government Code Section 12940, *et seq.*, makes it is an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

83.   DEFENDANTS failed to take all reasonable steps necessary to prevent discrimination and retaliation from occurring, all in violation of FEHA.

84.   In violation of FEHA, DEFENDANTS did not take all reasonable steps necessary to prevent the discrimination and retaliation against PLAINTIFF as described herein above.

85.   PLAINTIFF is informed and believes and based thereon alleges that the decision to terminate PLAINTIFF was made and/or ratified by the DEFENDANTS' managing agents, officers and/or directors who were conscious of PLAINTIFF'S right to reasonable accommodations under the FEHA but disregarded those rights and acted with the intent to cause PLAINTIFF injury by terminating his employment. DEFENDANTS' disregard of PLAINTIFF'S statutory rights is in violation of statute and public policy and would be looked down on and despised by reasonable persons.

86.   As a direct and proximate result of DEFENDANTS' wrongful termination of PLAINTIFF'S employment, PLAINTIFF has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial.

87.   As a direct and proximate result of DEFENDANTS' wrongful termination of PLAINTIFF'S employment, PLAINTIFF has suffered humiliation, emotional distress, and mental pain and anguish, all to PLAINTIFF'S damage in an amount according to proof at trial.

88.   The conduct of DEFENDANTS and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for PLAINTIFF'S rights. DEFENDANTS and each of them, and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, PLAINTIFF is entitled to punitive damages against each of said DEFENDANTS.

89.   Government Code section 12965(b) permits the court to award reasonable attorneys'

1  fees and costs, including expert witness fees, to a plaintiff that successfully pursues a FEHA claim.

2  PLAINTIFF has and will continue to incur attorneys' fees in the pursuit of this action.   As such,

3  PLAINTIFF is entitled to an award of reasonable attorneys' fees and costs.

### SIXTH CAUSE OF ACTION

### VIOLATION OF PREGNANCY DISABILITY LEAVE LAW

### CAL. GOV. CODE § 12945

### (By Plaintiff As Against Defendants and Does 1 – 100)

90.     PLAINTIFF hereby incorporates by reference each and every paragraph of this

complaint, as if fully set forth herein.

91.     Government Code section 12945(a) provides in relevant part that it is unlawful:

(1) For an employer to refuse to allow an employee disabled by pregnancy,
childbirth, or a related medical condition to take a leave for a reasonable
period of time not to exceed four months and thereafter return to work, as
set forth in the commission's regulations. The employee shall be entitled to
utilize any accrued vacation leave during this period of time. Reasonable
period of time means that period during which the employee is disabled on
account of pregnancy, childbirth, or a related medical condition.

....

(3) (A) For an employer to refuse to provide reasonable accommodation for
an employee for a condition related to pregnancy, childbirth, or a related
medical condition, if the employee so requests, with the advice of the
employee's health care provider.

...

(4) For an employer to interfere with, restrain, or deny the exercise of, or
the attempt to exercise, any right provided under this section.

92.     PLAINTIFF was a pregnant employee who was disabled on account of her

pregnancy.

93.     PLAINTIFF was entitled to a leave of absence under the Pregnancy Disability Leave

Law without interference.

94.     PLAINTIFF requested leave for her pregnancy and for the birth of her child that

made her temporarily unable to perform functions of PLAINTIFF'S job with DEFENDANTS.

95.     PLAINTIFF provided reasonable notice to DEFENDANTS of PLAINTIFF's need

for leave.

96.     PLAINTIFF was entitled to return to the same job.

97.     However, DEFENDANTS failed accommodate PLAINTIFF'S pregnancy, including providing PLAINTIFF with the requisite accommodations needed for a pregnant employee, and by providing PLAINTIFF with time off as needed for PLAINTIFF'S pregnancy.

98.     DEFENDANTS, instead, terminated PLAINTIFF for taking time off for her pregnancy and for requesting accommodations related to PLAINTIFF'S pregnancy and childbirth.

99.     On information and belief, PLAINTIFF'S pregnancy disability leave and accommodations PLAINTIFF requested related to pregnancy and childbirth was the motivating factor in DEFENDANTS' decision to later terminate PLAINTIFF'S employment in June 2019.

100.    PLAINTIFF was harmed when DEFENDANTS terminated PLAINTIFF for requesting accommodations, including leave, associated with PLAINTIFF'S pregnancy and childbirth.

101.    DEFENDANTS' decision to terminate PLAINTIFF'S employment was a substantial factor in causing PLAINTIFF'S harm.

102.    The conduct of DEFENDANTS and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for PLAINTIFF'S rights. DEFENDANTS and each of them, and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other.  Consequently, PLAINTIFF is entitled to punitive damages against each of said DEFENDANTS.

103.    Government Code section 12965(b) permits the court to award reasonable attorneys' fees and costs, including expert witness fees, to a plaintiff that successfully pursues a FEHA claim. PLAINTIFF has and will continue to incur attorneys' fees in the pursuit of this action.  As such, PLAINTIFF is entitled to an award of reasonable attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (By Plaintiff As Against Defendants and Does 1 – 100)

104.    PLAINTIFF hereby incorporates by reference each and every paragraph of this complaint, as if fully set forth herein.

105.    As set forth herein, DEFENDANTS wrongfully terminated PLAINTIFF'S

1    employment in violation of various fundamental public policies of the State of California. These

2    fundamental policies are embodied in, *inter alia*, the following statutes, codes, and regulations: the

3    FEHA, the PDLL, applicable Cal. Lab. Codes, including but not limited to the Healthy Workplaces,

4    Healthy Families Act, Cal. Lab. Code Section 245, Cal. Business & Professions Codes sections

5    17200 *et seq.*, and various fundamental common laws upheld in the State of California.

6          106.   PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS,

7    acting through managing agents, terminated PLAINTIFF'S employment in violation of the

8    aforementioned fundamental public policies.

9          107.   As a direct and proximate result of the aforementioned adverse employment actions

10   by DEFENDANTS against PLAINTIFF, PLAINTIFF has suffered and continues to sustain

11   substantial losses in earnings and other employment benefits in an amount according to proof at

12   trial.

13         108.   As a direct and proximate result of DEFENDANTS' wrongful termination of

14   PLAINTIFF'S employment, PLAINTIFF has suffered humiliation, emotional distress, and pain and

15   anguish, all to PLAINTIFF'S damage in an amount according to proof at trial.

16         109.   The conduct of DEFENDANTS and each of them as described above was malicious,

17   fraudulent, or oppressive and done with a willful and conscious disregard for PLAINTIFF'S rights.

18   DEFENDANTS and each of them, and their agents/employees or supervisors, authorized,

19   condoned, and ratified the unlawful conduct of each other.  Consequently, PLAINTIFF is entitled to

20   punitive damages against each of said DEFENDANTS.

21         110.   PLAINTIFF has also incurred and continues to incur attorneys' fees and legal

22   expenses in an amount according to proof at trial.

23                            **EIGHTH CAUSE OF ACTION**

24   **FAILURE TO AUTHORIZE OR PERMIT REST PERIODS, IN VIOLATION OF LABOR**

25                **CODE SECTION 226.7 AND THE WAGE ORDERS**

26               **(By Plaintiff As Against Defendants and Does 1 – 100)**

27         111.   PLAINTIFF hereby incorporates by reference each and every paragraph of this

28   complaint, as if fully set forth herein.

112.    At all times relevant to this Complaint, PLAINTIFF was an hourly non-exempt employee of DEFENDANTS covered by California Labor Code section 226.7 and the Wage Orders.

113.    California law requires an employer to provide an employee a rest period of ten (10) net minutes for every four hours worked, "which insofar as practicable shall be in the middle of each work period." Cal. Lab. Code §226.7; Wage Order § 12.  Thus, employees are entitled to 10 minutes rest for shifts from three and one-half to six hours in length, 20 minutes for shifts between six and ten hours in length, 30 minutes for shifts between 10 and 14 hours in length, and so on. *See Brinker, supra.* If the employer fails to provide a required rest period, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day the employer did not provide all legally required rest periods. *Id.*

114.    In this case, PLAINTIFF regularly worked shifts of 8 hours in length thereby entitling PLAINTIFF to two 10-minute rest periods as required by law. However, DEFENDANTS employed a policy, practice and/or procedure that failed to authorize or permit PLAINTIFF a rest period of ten (10) net minutes for every four hours worked and furthermore required PLAINTIFF to remain "on duty" and under direct management control at all times by thereby prohibiting PLAINTIFF from leaving the worksite during the entirety of PLAINTIFF'S shift. PLAINTIFF did not receive any premium wages to compensate PLAINTIFF for workdays in which PLAINTIFF did not receive legally-required rest periods.  PLAINTIFF approximates that PLAINTIFF did not receive rest periods that were compliant with the California Labor Code twice weekly, and for which PLAINTIFF did not receive premiums to compensate her.

115.    Pursuant to California Labor Code section 226.7 and the applicable Wage Order, PLAINTIFF is entitled to one hour of pay for each workday DEFENDANTS failed to provide all required rest periods, plus prejudgment interest.

116.    PLAINTIFF seeks damages and all other relief allowable including rest period premium wages for each workday PLAINTIFF was not provided with all required rest periods of ten net minutes, plus prejudgment interest.

## NINTH CAUSE OF ACTION

**UNFAIR BUSINESS PRACTICES IN VIOLATION OF BUSINESS AND PROFESSIONS**

**CODE §17200,** *et seq.*

**(By Plaintiff As Against Defendants and Does 1 – 100)**

117.    PLAINTIFF hereby incorporates by reference each and every paragraph of this complaint, as if fully set forth herein.

118.    The unlawful conduct of DEFENDANTS alleged herein constitutes unfair competition within the meaning of California Business and Professions Code Section 17200. This unfair conduct includes DEFENDANTS' failure to pay PLAINTIFF for failure to provide PLAINTIFF with her statutory rest periods and pay PLAINTIFF'S premiums for missed and untimely rest periods per the requirements of the Cal. Labor Code. Due to their unfair and unlawful business practices in violation of the California Labor Code, DEFENDANTS have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to provide employees statutory and timely rest periods and pay premiums for missed, untimely rest periods.

119.    As a result of DEFENDANTS' unfair competition as alleged herein, PLAINTIFF has suffered injury in fact and lost money or property, as described in more detail above.

120.    Pursuant to California Business and Professions Code Section 17203, PLAINTIFF is entitled to restitution of all wages and/or other monies rightfully belonging to PLAINTIFF that DEFENDANTS failed to pay and wrongfully retained by means of their unlawful and unfair business practices. PLAINTIFF also seeks an injunction against DEFENDANTS enjoining DEFENDANTS, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein.

### TENTH CAUSE OF ACTION

**FAILURE TO PROVIDE PERSONNEL RECORDS UPON REQUEST IN VIOLATION OF**

**CAL. LAB CODE §1198.5**

**(By Plaintiff As Against Defendants and Does 1 – 100)**

121.    PLAINTIFF hereby incorporates by reference each and every paragraph of this complaint, as if fully set herein.

122.   Pursuant to Labor Code Section 1198.5, an employee "has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee." Cal. Lab. Code §1198.5.

123.   PLAINTIFF has requested that DEFENDANTS provide PLAINTIFF with PLAINTIFF'S personnel records pursuant to Cal. Labor Code § 1198.5. DEFENDANTS failed to provide PLAINTIFF with said records within 30 days of the date of the records request and continue to deprive PLAINTIFF of PLAINTIFF'S personnel records. PLAINTIFF requested PLAINTIFF'S records on or about October 13, 2021 and November 23, 2021, but DEFENDANTS still continue to ignore PLAINTIFF'S request and deprive PLAINTIFF of PLAINTIFF'S personnel records.

124.   Pursuant to Labor Code Section 1198.5(k), PLAINTIFF is entitled to, and hereby seeks to recover from DEFENDANTS, a seven-hundred-fifty-dollar ($750.00) penalty, reasonable attorney's fees, and the cost of bringing this cause of action.

125.   Pursuant to Labor Code Section 1198.5(l), PLAINTIFF is entitled to and hereby seeks injunctive relief to obtain compliance with Labor Code Section 1198.5, along with reasonable attorney's fees and the costs of bringing this cause of action.

## ELEVENTH CAUSE OF ACTION

### CAL. LAB. CODE 226 – FAILURE TO PROVIDE EMPLOYMENT RECORDS UPON REQUEST

#### (By Plaintiff As Against Defendants and Does 1 – 100)

126.   PLAINTIFF hereby incorporates by reference each and every paragraph of this complaint, as if fully set herein.

127.   Pursuant to Labor Code Section 226(b), an employer shall afford current and former employees the right to inspect or copy records pertaining to that current or former employee, upon reasonable request to the employer.

128.   PLAINTIFF has requested that DEFENDANTS provide PLAINTIFF with PLAINTIFF'S employment records pursuant to Labor Code Section 226 (b). DEFENDANTS have failed to provide PLAINTIFF with said records within twenty-one (21) days of the date of the

1    records request and continues to deprive PLAINTIFF of PLAINTIFF'S employment records.

2    PLAINTIFF requested PLAINTIFF'S records on or about October 13, 2021 and November 23,

3    2021, but DEFENDANTS still continue to ignore PLAINTIFF'S request and deprive PLAINTIFF

4    of PLAINTIFF'S personnel records.

5         129.    Pursuant to Labor Code Section 226(f) and (g), PLAINTIFF is entitled, and hereby

6    seeks to recover from DEFENDANTS a seven-hundred-fifty-dollar ($750.00) penalty, reasonable

7    attorney's fees, and the cost of bringing this cause of action.

8    ///

9    ///

10                                    **PRAYER FOR RELIEF**

11        **WHEREFORE, PLAINTIFF** prays for relief and judgment against DEFENDANTS as

12                                           follows:

13   1.      For any and all legally applicable penalties;

14   2.      For pre-judgment interest and post-judgment interest;

15   3.      For attorneys' fees and costs of suit, including but not limited to that recoverable

16   under the FEHA 12965;

17   4.      A declaratory judgment that the practices complained herein are unlawful and all

18   other proper equitable relief including reinstatement, if proper;

19   5.      An injunction against DEFENDANTS enjoining them, and any and all persons

20   acting in concert with them, from engaging in each of the unlawful practices, policies and patterns

21   set forth herein;

22   6.      For restitution to the full extent permitted by law;

23   7.      For such general, special, and compensatory damages as may be appropriate,

24   including all damages alleged above;

25   8.      For past and future lost income and benefits;

26   9.      For emotional distress damages;

27   10.     For punitive damages; and

28   11.     For such and other further relief, in law and/or equity, as the Court deems just or

1   appropriate.

2   ///

3   ///

4   ///

5   ///

6   Dated: December 22, 2021                    Respectfully submitted,
7                                               **JAURIGUE LAW GROUP**

8

9                                               By: _Michael Jaurigue_
10                                                  Michael J. Jaurigue, Esq.
                                                    S. Sean Shahabi, Esq.
11                                                  Barbara DuVan-Clarke, Esq.

12                                                  Attorneys for PLAINTIFF
                                                    LE S NEAL
13

14

15                        **DEMAND FOR JURY TRIAL**

16        PLAINTIFF LE S NEAL demands a trial by jury on all claims so triable.

17

18   Dated: December 22, 2021                    Respectfully submitted,
19                                               **JAURIGUE LAW GROUP**

20

21                                               By: _Michael Jaurigue_
22                                                  Michael J. Jaurigue, Esq.
                                                    S. Sean Shahabi, Esq.
23                                                  Barbara DuVan-Clarke, Esq.

24                                                  Attorneys for PLAINTIFF
                                                    LE S NEAL
25

26

27

28

# EXHIBIT 1



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency _____ GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING** KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

December 22, 2021

Michael Jaurigue
300 W. Glenoaks Blvd.
Glendale, California 91202

RE:   **Notice to Complainant's Attorney**
        DFEH Matter Number: 202112-15698922
        Right to Sue: Neal / Home Depot U.S.A., Inc.

Dear Michael Jaurigue:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

DFEH-ENF 80 RS



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

December 22, 2021

RE:   **Notice of Filing of Discrimination Complaint**
        DFEH Matter Number: 202112-15698922
        Right to Sue: Neal / Home Depot U.S.A., Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21,
a small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue.
If mediation is requested, the employee is prohibited from filing a civil action until
mediation is complete. The employee's statute of limitations to file a civil action,
including for all related claims not arising under section 12945.2, is tolled from DFEH's
receipt of a mediation request under section 12945.21 until mediation is complete.  To
request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                   KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

December 22, 2021

Le Neal
300 W. Glenoaks Blvd. Ste. 300
Glendale, CA 91202

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 202112-15698922
      Right to Sue: Neal / Home Depot U.S.A., Inc.

Dear Le Neal:

This letter informs you that the above-referenced complaint filed with the Department of
Fair Employment and Housing (DFEH) has been closed effective December 22, 2021
because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21, a
small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure
and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil
action until mediation is complete. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled from
DFEH's receipt of a mediation request under section 12945.21 until mediation is
complete.  To request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Le Neal                                                  DFEH No. 202112-15698922

                                     Complainant,

vs.

Home Depot U.S.A., Inc.
2455 Paces Ferry Road
Atlanta, GA 30339

                                     Respondents

_____

**1.** Respondent **Home Depot U.S.A., Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant **Le Neal**, resides in the City of **Glendale**, State of **CA.**

**3.** Complainant alleges that on or about **June 30, 2019**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's sex/gender, disability (physical or mental), pregnancy, childbirth, breast feeding, and/or related medical conditions and as a result of the discrimination was terminated, reprimanded, denied reasonable accommodation for a disability, denied accommodation for pregnancy, denied employer paid health care while on pregnancy disability leave, denied work opportunities or assignments.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a pregnancy-disability-related accommodation, requested or used a disability-related accommodation and as a result was terminated, denied reasonable accommodation for a disability, denied accommodation for pregnancy, denied employer paid health care while on pregnancy disability leave, denied work opportunities or assignments.

*Complaint – DFEH No. 202112-15698922*

Date Filed: December 22, 2021

DFEH-ENF 80 RS

**Additional Complaint Details:** Around 2016, Complainant Le S Neal ("Neal") began working for Respondents Home Depot U.S.A., Inc. ("Home Depot") as a Cashier. In or around March 2018, Neal began working as a Garden Associate until her wrongful termination on or about June 30, 2019. Home Depot is a privately-owned home improvement retail company.

In or around 2018, Neal became pregnant with her fourth child and notified Home Depot of her pregnancy. Home Depot, despite knowing that Neal was pregnant, refused to engage in the interactive process with Neal and provide her with any reasonable accommodations for her pregnancy.

Home Depot refused to provide Neal with light duty and instead, made Neal push heavy crates even though Neal had provided notice and was five months pregnant. Home Depot further failed to accommodate Neal by providing her with the ability to use the bathroom as needed commensurate with Neal's progressing pregnancy. Home Depot's unwillingness to allow Neal to use the bathroom as necessary caused her to urinate on herself before she was allowed to take a break.

In or around September 2018, Neal began experiencing pain related to her pregnancy, and Neal's doctor placed her off work in order to avoid any potential pregnancy complications. Neal was placed on medical leave from on or about September 2018 until January 2019.

While Neal was still on leave, in or around November 2018, Home Depot called Neal and asked her to return to work for the 2018 holiday season. Despite Neal's explanation that she was still on pregnancy leave, Home Depot forced Neal to return when Home Depot said there was an issue with Neal's leave of absence paperwork and threatened to give Neal attendance points if she did not return to work. Neal, out of fear of losing her job, returned to work in or around November 2018 despite being approximately eight (8) months pregnant.

Shortly thereafter, a customer bumped into Neal's pregnant belly, knocking the wind out of Neal. Neal contacted Home Depot's corporate offices and requested that Neal resume Neal's previously canceled leave of absence. Home Depot gave Neal a number from corporate to apply for disability and informed her that the day Neal delivered her baby would trigger her disability.

On or about December 14, 2018, Neal went to the hospital and gave birth. While in the hospital, Neal called Home Depot to verify and follow up on Neal's disability status. Home Depot informed Neal that her disability was denied due to Neal having been terminated.

On or about the same date, Neal called the job site to inquire about the reason she was being terminated while on disability leave. After multiple attempts to get in touch with Home Depot, a district manager told Neal that Neal's termination was reversed in the system.

In or around January 25, 2019, Neal returned to work for Home Depot.

Upon Neal's return, Neal experienced immediate humiliation because Home Depot failed to provide Neal with a safe place to breast pump, causing Neal to either have to refrain from pumping breast milk or pumping in public locations. Frequently, as Neal had to decide between these two inadequate choices, Neal ended up soiling her work shirts with leaked breast milk, causing Neal further humiliation beyond not being provided a safe place to pump breast milk.

-2-
*Complaint – DFEH No. 202112-15698922*

Date Filed: December 22, 2021

DFEH-ENF 80 RS

1         Rather than providing a proper place for Neal to pump, Neal was told by one of her
2    supervisors to pump in the office or inside of her vehicle. The supervisor warned Neal to be
     careful if she decided to pump in the office, because the supervisor had previously walked in
     on another female employee pumping breast milk.
3         In or around March of 2019, Neal complained to Home Depot about the lack of
     breast milk pumping accommodations, and Home Depot told Neal to take an extended leave
4    of absence of six (6) weeks from in or around March 2019 to in or around April 2019.
5         Thereafter, in or around April 2019, Neal's car transmission broke down, and after
     multiple unsuccessful attempts to contact Home Depot, Plaintiff asked an associate to relay
6    to Home Depot that she needed a week to fix her car.
7         Neal returned to work in or around April 2019 after getting her car fixed. When Neal
     returned, Assistant Managers Moe [Last Name Unknown] ("Moe") and Teddy [Last Name
     Unknown] ("Teddy") issued Neal a final warning for not returning on the day relayed by the
8    associate, despite Neal not having received a previous warning.
9         In or around the week of June 23, 2019, Neal's newborn baby became ill, and Neal
     had to take her newborn baby to the emergency room. Neal called Manager Chris [Last
     Name Unknown] and informed Chris that Neal had to rush to the hospital.
10        On or about June 30, 2019, Supervisor Agusto ("Gus") pulled Neal into the office and
     terminated her for being one minute late when returning from lunch the week prior, the week
11   Neal took her newborn to the emergency room.
12        On or about June 30 2021,  Home Depot terminated Neal not for any legitimate
     reason but because she had a disability, requested accommodations, and complained about
13   not being provided with reasonable accommodations.

14

15

16

17

18

19

20

21

22

23

24

25

26
                                         -3-
27   *Complaint – DFEH No. 202112-15698922*

Date Filed: December 22, 2021
28

VERIFICATION

I, **Michael J. Jaurigue**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On December 22, 2021, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Glendale, California**

-4-
*Complaint – DFEH No. 202112-15698922*

Date Filed: December 22, 2021

DFEH-ENF 80 RS

Electronically FILED by Superior Court of California, County of Los Angeles on 12/22/2021 04:53 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams,Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Michael J. Jaurigue (SBN 208123); S. Sean Shahabi (SBN 204710)<br>Barbara DuVan-Clarke (SBN 259268)<br>JAURIGUE LAW GROUP<br>300 W. Glenoaks Blvd., Suite 300, Glendale, CA 91202<br>TELEPHONE NO.: 818-630-7280    FAX NO.: 888-879-1697<br>ATTORNEY FOR *(Name)*: Le S Neal | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Neal v. Home Depot U.S.A., Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [✓] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify)*: 11
5. This case [ ] is [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 22, 2021

Michael J. Jaurigue
_____
(TYPE OR PRINT NAME)

*Michael Jaurigue*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
            or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Neal v. Home Depot U.S.A., Inc., et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death -- Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: Neal v. Home Depot U.S.A., Inc., et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer- Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Neal v. Home Depot U.S.A., Inc., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Neal v. Home Depot U.S.A., Inc., et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐  9. ☐ 10. ☐ 11. | 1830 W Slauson Avenue |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Los Angeles | CA | 90047 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: ___12/22/2021___

___Michael Jaurigue___
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**12/22/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ D. Williams _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21STCV46779 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Kevin C. Brazile | 20 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 12/23/2021
(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By D. Williams _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)
)

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a)  **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b)  **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c)  **"Electronic Envelope"**   A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d)  **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court. (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format. Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs. Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

2019-GEN-014-00

1      d) Documents in Related Cases

2          Documents in related cases must be electronically filed in the eFiling portal for that case type if

3          electronic filing has been implemented in that case type, regardless of whether the case has

4          been related to a Civil case.

5   3) EXEMPT LITIGANTS

6      a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt

7          from mandatory electronic filing requirements.

8      b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of

9          Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused

10         from filing documents electronically and be permitted to file documents by conventional

11         means if the party shows undue hardship or significant prejudice.

12  4) EXEMPT FILINGS

13     a) The following documents shall not be filed electronically:

14         i)  Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of

15             Civil Procedure sections 170.6 or 170.3;

16         ii)  Bonds/Undertaking documents;

17         iii)  Trial and Evidentiary Hearing Exhibits

18         iv)  Any ex parte application that is filed concurrently with a new complaint including those

19             that will be handled by a Writs and Receivers department in the Mosk courthouse; and

20         v)  Documents submitted conditionally under seal.  The actual motion or application shall be

21             electronically filed.  A courtesy copy of the electronically filed motion or application to

22             submit documents conditionally under seal must be provided with the documents

23             submitted conditionally under seal.

24     b) Lodgments

25         Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in

26  paper form.  The actual document entitled, "Notice of Lodgment," shall be filed electronically.

27  //

28  //

2019-GEN-014-00

1   5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

2   Electronic filing service providers must obtain and manage registration information for persons

3   and entities electronically filing with the court.

4   6) TECHNICAL REQUIREMENTS

5       a) Electronic documents must be electronically filed in PDF, text searchable format when

6          technologically feasible without impairment of the document's image.

7       b) The table of contents for any filing must be bookmarked.

8       c) Electronic documents, including but not limited to, declarations, proofs of service, and

9          exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule

10         3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked

11         item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the

12         bookedmarked item and briefly describe the item.

13      d) Attachments to primary documents must be bookmarked. Examples include, but are not

14         limited to, the following:

15         i)    Depositions;

16         ii)   Declarations;

17         iii)  Exhibits (including exhibits to declarations);

18         iv)   Transcripts (including excerpts within transcripts);

19         v)    Points and Authorities;

20         vi)   Citations; and

21         vii)  Supporting Briefs.

22      e) Use of hyperlinks within documents (including attachments and exhibits) is strongly

23         encouraged.

24      f) Accompanying Documents

25         Each document acompanying a single pleading must be electronically filed as a separate

26         digital PDF document.

27      g) Multiple Documents

28         Multiple documents relating to one case can be uploaded in one envelope transaction.

4

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

    i) Any printed document required pursuant to a Standing or General Order;

    ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

    iii) Pleadings and motions that include points and authorities;

    iv) Demurrers;

    v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

    vi) Motions for Summary Judgment/Adjudication; and

    vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

6

2019-GEN-014-00

1  11) SIGNATURES ON ELECTRONIC FILING

2     For purposes of this General Order, all electronic filings must be in compliance with California

3  Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4  Division of the Los Angeles County Superior Court.

5

6     This First Amended General Order supersedes any previous order related to electronic filing,

7  and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8  Supervising Judge and/or Presiding Judge.

9

10  DATED:  May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**

**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
        (INSERT DATE)                                                        (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:
_____            ►  _____
     (TYPE OR PRINT NAME)                            (ATTORNEY FOR PLAINTIFF)
Date:
_____            ►  _____
     (TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)
Date:
_____            ►  _____
     (TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)
Date:
_____            ►  _____
     (TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)
Date:
_____            ►  _____
     (TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)
Date:
_____            ►  _____
     (TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)
Date:
_____            ►  _____
     (TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:
FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

   i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

   ii.  Include a brief summary of the dispute and specify the relief requested; and

   iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

   i.   Also be filed on the approved form (copy attached);

   ii.  Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

  iii. Be filed within two (2) court days of receipt of the Request; and

  iv. Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

 c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

 d. If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

 e. If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

 It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

➤ _____
(ATTORNEY FOR PLAINTIFF)

_____
(TYPE OR PRINT NAME)

Date: _____

➤ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date: _____

➤ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date: _____

➤ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date: _____

➤ (ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

Date: _____

➤ (ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

Date: _____

➤ (ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| **TELEPHONE NO.:**   **FAX NO.** (Optional):<br>**E-MAIL ADDRESS** (Optional):<br>**ATTORNEY FOR** (Name): | | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**COURTHOUSE ADDRESS:**

**PLAINTIFF:**

**DEFENDANT:**

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

### INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1.  At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2.  The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a.  Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b.  Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3.  All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:
_____          ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR PLAINTIFF)

Date:
_____          ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:
_____          ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:
_____          ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:
_____          ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____ )

Date:
_____          ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____ )

Date:
_____          ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date:   _____          _____
                                                    JUDICIAL OFFICER

# FILED

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

1  Whereas the Early Organizational Meeting Stipulation is intended to encourage
2  cooperation among the parties at an early stage in litigation in order to achieve
3  litigation efficiencies;

4  Whereas it is intended that use of the Early Organizational Meeting Stipulation
5
6  will promote economic case resolution and judicial efficiency;

7  Whereas, in order to promote a meaningful discussion of pleading issues at the
8  Early Organizational Meeting and potentially to reduce the need for motions to
9  challenge the pleadings, it is necessary to allow additional time to conduct the Early
10  Organizational Meeting before the time to respond to a complaint or cross complaint
11  has expired;
12

13  Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in
14  which an action is pending to extend for not more than 30 days the time to respond to
15  a pleading "upon good cause shown";

16  Now, therefore, this Court hereby finds that there is good cause to extend for 30
17
18  days the time to respond to a complaint or to a cross complaint in any action in which
19  the parties have entered into the Early Organizational Meeting Stipulation.  This finding
20  of good cause is based on the anticipated judicial efficiency and benefits of economic
21  case resolution that the Early Organizational Meeting Stipulation is intended to
22  promote.
23

24  IT IS HEREBY ORDERED that, in any case in which the parties have entered
25  into an Early Organizational Meeting Stipulation, the time for a defending party to
26  respond to a complaint or cross complaint shall be extended by the 30 days permitted
27
28

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court
order.

DATED: _May 11, 2011_          _Carolyn G. Kuhl_
                                Carolyn B. Kuhl, Supervising Judge of the
                                Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

 Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 Rev. 04/21
For Mandatory Use

## How to Arrange Mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm